Union Trust Company, Executor and Trustee of the Estate of Luther P. Friestedt, Deceased, Appellant, v. First Trust & Savings Bank, Executor of the Estate of Alice L. Friestedt, Deceased, Appellee.

Gen. No. 32,953.

338

Opinion filed April 17, 1929.

Cohen, O'Connor & Shanok, for appellant.

Townley, Wild, Campbell & Clark, for appellee; Charles V. Clark and Frederick D. Carroll, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

This cause had its initial appearance in the probate court of Cook county, in which claimant, the appellant, filed a claim against the defendant, appellee. Upon a hearing before the judge of the probate court the claim

was dismissed and the claimant took the cause by appeal to the circuit court of Cook county, where the cause was submitted to the trial judge which resulted in a finding in favor of the estate of Alice L. Friestedt, deceased, and against the executor of the estate of Luther P. Friestedt, deceased.

There was a motion for a new trial which was overruled, and a judgment of *nil capiat* entered against the claimant, the appellant here.

There was a bill of particulars filed in which claimant alleged that there was due to it certain rentals of the dwelling house at 2806 Sheridan Road, Chicago, which Alice L. Friestedt, deceased, in her lifetime occupied under the terms of the will of her deceased husband, Luther P. Friestedt, the total of which rentals was stated to be $11,850, which amount claimant claimed with interest. From the judgment of the circuit court the claimant (appellant here) prosecutes this appeal.

In the circuit court there was a stipulation, which is abstracted in the following words:

"It is stipulated and agreed by and between the parties to the above entitled cause by their respective attorneys that no further proof as to the facts herein stipulated shall be required upon the trial of the claim of the Union Trust Company as trustee, etc., in the above entitled cause. It is further stipulated that the premises referred to in the will of Luther P. Friestedt, deceased, in the provision No. 10 of said will, at the time of the decease of the said Luther P. Friestedt, were improved with a one family residence of three floors and in addition thereto a two story garage having living rooms on the second floor thereof known as 2806 Sheridan Road, Chicago; that after the death of Luther P. Friestedt the said Alice L. Friestedt caused a kitchen sink to be removed from the first floor to the rear bedroom on the second floor and had a small gas

range installed in said rear bedroom so that the same could be used as a kitchen; that at the time of the death of the said Luther P. Friestedt there was a stairway in the main hall on the first floor, which stairway led to the second floor; that at the time she installed the equipment above referred to in the rear bedroom on the second floor, she also caused a beaver board partition to be erected in the main hall on the first floor so that there would be seperate entrances for the first floor and the second floor; that during the month of April, 1923, she rented the second floor and two rooms on the third floor to George DeMet and Nick DeMet and allowed said second floor and two rooms on the third floor to be occupied by the said George DeMet and Nick DeMet and their mother and received from them the sum of $250 each month for said premises and for janitor services in connection therewith from said time and each month thereafter up to and including the month of the decease of the said Alice L. Friestedt, to-wit: November, 1925, and that the said DeMets paid to the said Alice L. Friestedt $8,000 as rent for that portion of said premises so rented and for janitor services in connection therewith and that she took and retained said money and appropriated it to her own use and did not at any time pay over or account for any of said money to the Union Trust Company as executor and trustee, etc.

"It is further stipulated that the said Alice L. Friestedt rented the garage and the rooms above the same hereinbefore mentioned, to Mrs. J. Ogden Armour and allowed same to be occupied by the automobile of and the chauffeur and his family, in the employ of Mrs. J. Ogden Armour and that Mrs. J. Ogden Armour paid to the said Alice L. Friestedt as rental for the said garage and the rooms above the same, commencing with the month of December, 1922, and continuously each month thereafter up to and in-

cluding the month of the decease of the said Alice L. Friestedt, a monthly rental of $100, together with an additional $10 per month for janitor services in said garage building; that Mrs. J. Ogden Armour made her checks payable to Mrs. Friestedt and that said checks were deposited to the account of Mrs. Friestedt above mentioned; that the said Mrs. J. Ogden Armour paid to the said Alice L. Friestedt for said garage and rooms the sum of $3,500 and $350 for janitor services during said period, all of which money was kept and appropriated for her own use by the said Alice L. Friestedt and not accounted for.

"It is further stipulated that the said Alice L. Friestedt until her death at all times resided on the said premises; that she was in actual occupancy and possession of all of the said premises during all of the said time, excepting those parts of the premises rented as above set forth; that from the time of the death of the said Luther P. Friestedt and until her death, Alice L. Friestedt paid all taxes, general and special; paid fire insurance and kept said premises, including all buildings thereon in habitable condition, including reasonable and adequate decorating and repairs.

"It is further stipulated that this stipulation shall not limit either of the parties to any other proof in regard to said claim of the Union Trust Company as executor aforesaid or the defenses against said claim, but is made simply for the purpose of eliminating the bringing in of documentary evidence and witnesses to testify in regard to the matters above set forth."

There was also received in evidence a copy of the bill of complaint filed in the circuit court of Cook county, which was a bill brought by the appellant against the appellee for a construction of the will of Luther P. Friestedt, deceased. A copy of the decree in said cause was likewise received in evidence as well as the last will and testament of Luther P. Friestedt,

deceased. The provision of said will there sought to be construed and which is pertinent to the instant case is the tenth paragraph of subsection A of said will, wherein it is provided that:

"Said trustee shall also set aside and give to my said wife the use as a residence of the home occupied by me at the time of my decease, provided, however, that such use shall be personal to my said wife and not transferable or assignable and that if my said wife shall elect not to reside in said home and shall so notify the trustee in writing, the trustee shall thereafter hold said property free of any further use of my said wife and as part of the general trust estate in its hands and to be distributed and divided as provided herein with respect to such general trust estate.

"All taxes, general or special, and insurance upon said residence and all repairs necessary to keep such residence in habitable condition, inclusive of reasonable and adequate decorating and repairing of the same from time to time, shall, during the time the same is used by my said wife as a home, be paid by her. If my said wife shall fail to live in such residence for a continuous period of six months, such failure shall be considered equivalent to written election by her, as aforesaid, not to reside in such home and the trustee shall thereafter hold said property free of any further use of my wife, as aforesaid."

The advice of the court was asked regarding certain taxes upon the Sheridan Road property, as to what part of the same should be paid by Alice L. Friestedt, etc. A question has been raised with respect to the use and occupancy of said Sheridan Road property by said Alice L. Friestedt, as to whether she may, without violating the terms of said will, lease or rent single rooms or parts of said residence so long as she maintains her residence there and as to whether she may without violating the terms of said will be held to live

in such residence for a continuous period of six months if she shall within such period absent herself therefrom temporarily for travel, for health or recreation so long as she shall retain control and continue possession by a servant or servants for the purpose of a residence therein.

The decree recites the tenth paragraph of the will, and then finds that ''it was not the intent of said decedent to authorize or give any power to said Alice L. Friestedt to part with or that there should be subject to alienation or assignment voluntary or involuntary, any right or claim to the use of said property, whether by sub-lease or otherwise, but the court finds that the only conditions which said Alice L. Friestedt is required to fulfill to maintain her right to the use of said property are the payment of all taxes, general or special, and insurance upon such residence, and for all repairs necessary to keep said residence in habitable condition, inclusive of reasonable and adequate decorating and repairing of the same to be paid by her and such maintenance as aforesaid of her residence therein.''

The decree further found that Alice L. Friestedt, widow of the deceased, ever since his death continued to reside on the premises, and found that the said Alice L. Friestedt, may elect to spend portions of any six months period away from the premises in visits and travel, so long as she retains possession thereof through servants or otherwise, and so long as her absence therefrom does not extend for a continuous period of six months or longer.

The claimant argues that the decree under the bill to construe the will of Luther P. Friestedt, deceased, denied the widow the right to sublet any part of the property devised to her for life, and defendant meets this contention by asserting that on the contrary under the will the widow had the right to sublease part of the property on condition that she maintained her resi-

dence there and complied with other conditions conferring the life estate, and insists that the decree confirmed that right.

The bill to construe the will contains the following:

"A question has been raised with respect to the use and occupancy of said residence property by the said Alice L. Friestedt as to whether she may, without violating the terms of said will, lease or sublet single rooms or parts of such residence so long as she maintains her residence there . . . ."

The court answered this question in the decree as follows:

". . . the court finds that the only conditions which said Alice L. Friestedt is required to fulfill to maintain her right to the use of said property are the payment of all taxes, general or special, and insurance upon such residence, and for all repairs necessary to keep said residence in habitable condition, inclusive of reasonable and adequate decorating and repairing of the same to be paid by her and such maintenance as aforesaid of her residence therein."

It is not to be controverted from the proofs but that Alice L. Friestedt during all of her lifetime met all the foregoing conditions. We have no business to enlarge or detract from that provision of the decree in this proceeding. All of the parties sought a construction of the will creating a life estate in the Sheridan Road property. By the terms of that decree all parties to it are bound and all the parties now before the court were parties to that litigation and the resulting decree. We think that any contentions of claimant contrary to the foregoing findings are impotent to destroy the findings of the decree in this regard. The language is plain and permits of the interpretation which the decree placed upon the clauses of the will then in controversy regarding the rights of the widow in the Sheridan Road property.

The conditions set forth in the decree were the only conditions which the widow was required to perform to maintain her right to the use of the Sheridan Road property during her life time, and she having fulfilled them all, her rights enjoyed thereunder during the continuance of her life estate in the property are not ·subject to attack in the collateral proceeding engendered by this suit. There is nothing in the decree, either in apt terms or by construction, which can be held to deny to the widow the right to sublease any portion of the Sheridan Road property not actually occupied by herself. The intent of the decedent, Luther P. Friestedt, regarding the life estate vested in his widow upon condition is not open to attack *de hors* the decree or the provisions and findings therein recited. We think it clear that the parties by their conduct put their own construction not only upon the decree construing that part of the will vesting a life estate in the Sheridan Road property on conditions therein named in the widow, but also their construction upon the provisions of the will creating such life estate. The decree construing the will was entered July 13, 1923, and claimant seeks rents for that portion of the Sheridan Road property collected by the widow from December, 1922, to November, 1925. We must assume that during all this time the parties in interest knew of the occupation of the Sheridan Road property, and that they were chargeable with knowledge that a portion of the same had been sublet and that rentals had been collected by the widow therefor, and not until the widow had been dead more than a year, and the time for filing claims had expired by limitation saving only two days, did the claimant file its claim for such rentals. For a period of nearly three years during the life time of the widow the interested parties made no claim. If their contentions now made were well taken, they could at any time during the foregoing three years have

proceeded under the will in an attempt to terminate the widow's life estate therein for a so-called claim of a breach of the conditions under which she held the estate. The parties are estopped by their own conduct from asserting rights *de hors* such conduct.

It is apparent to this court that the rights of the widow to sublet a portion of the Sheridan Road property, while actually occupied by her, were settled by the decree in the equitable proceeding to construe clauses of the will of the decedent relating thereto, and all parties in interest are estopped from thereafter contending for a different construction. There is no excuse for claimant having waited for several years until the death of the widow in order to make claim for rentals which were collected under conditions impliedly sanctioned by the actions and conduct of all the parties in interest.

*Henderson v. Harness,* 176 Ill. 302, is analogous in principle to the instant case, wherein the bequest of a life estate was in the following language:

"My said son, Milton Harness, to have and to hold the same during his natural life, he to have the full use and occupation of the same if he desires it, provided he shall pay all taxes and assessments levied against said land before sale for taxes, and that he shall not sell nor in any way encumber said realty during his lifetime."

The son took possession under the devise and thereafter judgment creditors levied upon the real estate which was sold under execution. The court held that such sale did not constitute a violation of the provisions of the will, and announced the following rule of construction:

"The limitation made by the devise as a restriction on the power of alienation is to be construed in the same manner as a condition in a lease against assignment, and it is well settled that an assignment by operation of law is not a breach of such a condition."

A subletting of a portion of demised premises is not a violation of a covenant against assignment. It has been uniformly held that a covenant in a lease against assigning is not violated by subletting. 35 C. J. 982; *Sinclair v. Sinclair*, 224 Ill. App. 130, *McCarthy v. Handley*, 222 Ill. App. 604.

In *Den ex Dem. Bockover v. Post*, 25 N. J. Law 285, it was said:

"It is perfectly well settled that underletting is not a violation of the covenant not to assign . . . *Crusoe v. Bugby*, 2 W. Bl. 766, S. C. 3 Wils. 234; *Jackson v. Silvernail*, 15 J. R. 278; *Jackson v. Harrison*, 17 J. R. 66; Adams on Ej. 177."

In 1 Taylor on Landlord & Tenant, 9th ed. 509, the rule is stated as follows:

"If therefore, the lessee covenants not to assign, transfer, set over, or otherwise do or put away the lease on premises, this does not prevent him from subletting."

In 1 Tiffany on Real Property, 161, it is stated:

"A stipulation against assignment is not violated by a sublease."

Whatever rights claimant might have must arise from the will of Luther P. Friestedt, and there is naught in that document which would entitle claimant to any rent which was received by the widow from subleasing part of the Sheridan Road property. The only remedy which could have been open to the parties in the lifetime of the widow would have been to terminate the life estate in pursuance of the provisions of the will, and that until such life estate was so terminated, the widow was entitled to retain all of the rents collected from her subtenants.

In 21 C. J. 930, the text writer summarizes the authorities in the following language:

"The effect of the nonperformance or breach of a condition subsequent is to render the estate granted

liable to forfeiture, at the option of the person entitled to take advantage of such breach, unless the condition is one which the law will not enforce, in which case the estate will become vested absolutely in the grantee. To have any effect upon the estate the condition must be taken advantage of by those to whom the right so to do belongs; . . . Estates upon condition subsequent have until defeated the same qualities and incidents as though no condition was annexed thereto . . ."

It is therefore clear that the claimant or the remaindermen under the will of Luther P. Friestedt, deceased, not having taken any steps during the life time of Alice L. Friestedt to terminate her estate under the will, it remained in full force until the time of her death, and such being the situation, she had the right to retain all rents collected by her, in which neither the claimant nor the remaindermen have any interest or claim.

Finding no reversible error in the record before us, the judgment of the circuit court is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.